# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**PEDRO E. RODRIGUEZ** and
**MARIOSKA SANCHEZ**,
    Plaintiffs,

v.                                                                               2:25-cv-741-KCD-NPM

**WESTCHESTER SURPLUS LINES**
**INSURANCE COMPANY**,
    Defendant.

## ORDER REMANDING CASE TO STATE COURT

Defendant Westchester Surplus Lines Insurance Company removed this insurance-coverage action based on diversity jurisdiction under 28 U.S.C. § 1332. It put forth that the parties were citizens of different states and that the amount in controversy, exclusive of interest and costs, exceeded $75,000. Arguing that the amount in controversy—assessed at the time of removal—was less than $75,000,[1] plaintiffs Pedro Rodriguez and Marioska Sanchez ask us to remand the matter back to state court. As the party who brought the action here, Westchester "must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

---

[1] "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).

Westchester insured the plaintiffs' property[2] when Hurricane Ian struck on September 28, 2022. Plaintiffs made an insurance claim for the wind damage. After applying a $20,000 deductible, Westchester paid $93,060.18. (Doc. 1-4). Unsatisfied with Westchester's adjustment of the claim, Plaintiffs issued a Notice of Intent to Initiate Litigation ("NOI") under Florida Statute § 627.70152(3)(a). Without any supporting documentation, the NOI estimated $65,896 of damages and $5,500 of attorney's fees for a pre-suit settlement demand of $71,396. (Doc. 1-2). A couple of months later, plaintiffs provided Westchester with a damage estimate from Southwest Florida Claims Adjusters LLC, which provided an RCV estimate of $184,780.29 and an ACV estimate of $158,893.86. (Doc. 12 at 14).

To cross the $75,000 threshold, Westchester subtracts the $20,000 deductible and its prior payment of $93,060.18 from plaintiff's latest RCV estimate of $184,780.29 to arrive at $71,720.11 for a potential damages award; and then it adds the $5,500 stated in the NOI for attorney's fees to arrive at $77,220.11 for the amount in controversy. (Doc. 1 at 4). Thus, Westchester's removal hinges on the NOI's conclusory estimate of attorney's fees as well as Plaintiffs' claim for replacement-cost damages.

But generally, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *E.g., Lamb v. State Farm Fire*

---

[2] Plaintiffs are co-trustees of a trust that owns the insured property. (Doc. 1 at 1).

*Mut. Auto. Ins.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, \*2 (M.D. Fla. Nov. 5, 2010). Instead, courts analyze "whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FTM-38MRM, 2020 WL 897986, \*2 (M.D. Fla. Feb. 25, 2020) (cleaned up).

Here, Westchester has provided no factual basis—such as opposing counsel's hourly rate and hours billed—for calculating reasonable fees accrued at the time of removal. "An unsubstantiated estimate of attorney's fees based solely on a party's conclusory belief is insufficient." *Mavromatis v. Geovera Specialty Ins. Co.*, No. 8:18-CV-2146-T-60AEP, 2019 WL 3543707, \*3 (M.D. Fla. Aug. 5, 2019). Thus, the estimate of attorney's fees is too uncertain to satisfy Westchester's burden of establishing the amount in controversy.[3] And instead of demonstrating that the plaintiffs had completed repairs and are arguably entitled to replacement-cost damages, Westchester's evidence suggests that at the time of removal, the repairs had yet to be completed. (Doc. 1-3). This further reduces the amount in controversy by the $25,886.38 difference between Plaintiffs' RCV and ACV estimates.

---

[3] Plaintiffs cite a Florida statute in support of their claim for a prevailing-party fee award. (Doc. 4 at 3). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Nevertheless, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

Not to be undone, Westchester asserts that allegations in the complaint—that the plaintiffs continue to suffer damages—suggest an amount in controversy in excess of $75,000. (Doc. 8 at 8-9). But again, the analysis turns on the amount in controversy at the time of removal. Moreover, when "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (ambiguities are generally construed against removal). "It's not our job, in calculating the amount in controversy, to engage in speculation or unabashed guesswork." *Beckler v. Zachary Confections, Inc.*, 2022024 WL 1050091, *1 (M.D. Ga. Mar. 11, 2024); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-54 (11th Cir. 2010) (speculation about the amount in controversy is impermissible).

Accordingly, Plaintiffs' motion to remand (Doc. 12) is **GRANTED**. Their request for oral argument (Doc. 13) is **DENIED as moot**. If no objections are filed within **fourteen days** of this order, which is the time allotted under Civil Rule 72(a), the clerk is directed to **REMAND** this case back to state court by transmitting a certified copy of this order to the clerk for Florida's Twentieth Judicial Circuit in and for Lee County with respect to state-court case number 25-CA-003471. Following remand, the clerk is directed to terminate any pending motions and

scheduled events and close the case. If any objections are timely filed, the clerk is directed to withhold disposition until so ordered by the District Judge.[4]

---

[4] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge,

**ORDERED** on October 14, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"